IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. PENDLETON,** | ) | |
| | ) | CIVIL ACTION NO. 3:21-cv-146 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| **SUPERINTENDENT ERIC W. TICE,** *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter is before Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

On August 24, 2021, the Court received Plaintiff Michael J. Pendleton's ("Mr. Pendleton") Complaint, in which he brings claims against multiple Defendants for alleged violations of the Eighth Amendment and the Americans with Disabilities Act ("ADA"). (*See* ECF No. 6).[1]

On October 31, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that Mr. Pendleton's complaint "be dismissed with leave to amend in part." (ECF No. 8 at 1). Specifically, the Magistrate Judge recommended that Mr. Pendleton be given leave to file an amended complaint with respect to his Eighth Amendment claims against Defendants Eric W. Tice ("Mr. Tice") and Dan Caro ("Mr. Caro"). (*Id.* at 4). However, the Magistrate Judge recommended that Mr. Pendleton's Complaint be dismissed with prejudice with respect to his claim against the Pennsylvania Department of Corrections ("DOC"). (*See* ECF No. 8). Further, the

---

[1] The Court notes that Mr. Pendleton also makes brief reference to: (1) the Equal Protection Clause of the U.S. Constitution and (2) the Pennsylvania Constitution. (ECF No. 6 at 6).

Magistrate Judge informed Mr. Pendleton that he could submit written objections to the Report and Recommendation within fourteen days. (*Id.* at 4). The Magistrate Judge noted that in the "absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted." (*Id.*). Finally, the Magistrate Judge stated that:

> [Mr. Pendleton] is also given leave to amend his complaint within the same time. [Mr. Pendleton] can, if he wants, both amend his complaint and file objections. If [Mr. Pendleton] chooses to do neither he should be deemed to be standing on the adequacy of the present complaint and it should be dismissed for failure to state a claim.

(*Id.*).

Mr. Pendleton did not file Objections to the first Report and Recommendation, but he did submit an Amended Complaint. (ECF No. 11). In that document, Mr. Pendleton advanced Eighth Amendment, ADA, "civil tort conspiracy[,]" and Negligence claims against Mr. Tice and Mr. Caro, as well as two other Defendants. (*See id.*).

On January 5, 2022, the Magistrate Judge issued a Report and Recommendation, recommending that the Amended Complaint be dismissed without leave to amend. (ECF No. 12 at 1). However, the Magistrate Judge also stated that to the extent that Mr. Pendleton "wants to pursue negligence and/or conspiracy claims against the [D]efendants, these claims should be dismissed without prejudice. There is no reason for this Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367." (*Id.* at 4). Finally, the Magistrate Judge again informed Mr. Pendleton that he had fourteen days to file written objections to the Report and Recommendation, and that failure to do so would severely hamper or entirely default his ability to appeal. (*Id.*).

Mr. Pendleton did not file objections to the second Report and Recommendation.

Therefore, upon review of the record and the Reports and Recommendations under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter.[2] Accordingly, the following order is entered:

AND NOW, this 23rd day of March, 2023, it is **HEREBY ORDERED** that Plaintiff Michael J. Pendleton's Complaint (ECF No. 6) is **DISMISSED WITH PREJUDICE IN PART** and **WITHOUT PREJUDICE IN PART** as stated in the Report and Recommendation at ECF No. 8.

**IT IS FURTHER ORDERED** that Mr. Pendleton's Amended Complaint (ECF No. 11) is **DISMISSED WITHOUT PREJUDICE** insofar as Mr. Pendleton seeks to pursue state law claims, over which the Court will not exercise supplemental jurisdiction, and **DISMISSED WITH PREJUDICE** in all other respects, as stated in the Report and Recommendation at ECF No. 12.

**IT IS FURTHER ORDERED** that the Reports and Recommendations at ECF Nos. 8, 12 are adopted for their reasoning and conclusions. The Clerk shall terminate the Defendants from the case and mark the case closed.

---

[2] With respect to a claim brought pursuant to Title II of the ADA, a plaintiff must establish that he "was excluded from a program or service on account of or because of his disability[.]" *Kokinda v. Penn. Dep't of Corr.*, 779 F. App'x 944, 950 (3d Cir. 2019). Assuming without deciding that Mr. Pendleton satisfies the other components of a Title II ADA claim, the Court finds that Mr. Pendleton's factual allegations fail to plausibly state that he was excluded from a program or service *on account of or because of his disability*. (ECF Nos. 6, 11). Therefore, the Court finds that Mr. Pendleton has failed to state a claim under the ADA.

BY THE COURT:

*(signature)*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

Notice by U.S. Mail to:

**Michael J. Pendleton**
DY-1646
SCI Somerset
1590 Walters Mill Road
Somerset, PA 15510-0001